UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE RENE LUGO,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No.: 3:17-CR-00482-JAH-1<br><br>**AMENDED ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 119]** |

## INTRODUCTION

Pending before the Court is Petitioner Noe Rene Lugo's ("Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion"). (Doc. No. 119). Respondent United States of America ("the Government") filed a response opposing Defendant's motion. (Doc. No. 134). Having carefully considered the pleadings in this action and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

On February 24, 2017, a grand jury returned a five-count indictment charging Defendant with one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and four counts of felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1). On March 1, 2017, the

1

Court appointed an attorney for Defendant—Jami L. Ferrara, a Federal Defender—at his arraignment. (Doc. No. 6).

On April 12, 2017, Jami Ferrara communicated a plea agreement from the Government offering Defendant 70-87 months in custody. (Doc. No. 134, Jami Ferrara Declaration at 1-2). The Government's plea offer stated that the Government would likely seek a sentence of 121-151 months or 15 years in custody if Defendant lost at trial. (*Id.*) In July and August of 2017, Defendant was amenable to settling for 70-87 months in custody but failed to accept the Government's plea offer. (*Id.* at 5.)

On August 28, 2017, Defendant retained attorney Estevan R. Lucero and requested a jury trial. (Doc. No. 121 at 2). On December 1, 2017, a jury found Defendant guilty on all five counts. (Doc. No. 55). The Court then sentenced Defendant to a total of 200 months in custody and three years of supervised release. (Doc. No. 72).

Defendant appealed his conviction and sentence. (Doc. Nos. 75, 79). The Ninth Circuit Court of Appeals affirmed in part and vacated in part Defendant's conviction and sentence and remanded the case for re-sentencing. (Doc. No. 121 at 2). The Court resentenced Defendant to a total of 180-months in custody and three years of supervised release. (Doc. No. 116).

On July 2, 2021, Defendant filed his motion alleging ineffective assistance of counsel. (Doc. No. 119). In his motion, Defendant requested additional time to file a supplemental brief due to his limited access to the law library during the Covid-19 lockdowns. (*Id.* at 119 at 12-13). The Court granted Defendant's request, and he filed a supplemental brief on March 7, 2023. (Doc. Nos. 122, 124). On April 6, 2023, the Government filed a motion requesting a partial waiver of the attorney-client privilege and an order directing Defendant's former counsel, Jami Ferrara and Estevan Lucero, to provide declarations or testify at an evidentiary hearing. (Doc. No. 125). On May 9, 2023, Defendant responded to the Government's motion, waiving the attorney-client privilege regarding communications Defendant placed directly at issue in his motion. (Doc. No. 127). On May 16, 2023, the Court granted the Government's motion and ordered

Defendant's former counsel to provide affidavits relating to Defendant's § 2255 motion and supplemental briefing. (Doc. No. 129). On August 7, 2023, the Government filed an opposition to Defendant's motion and included a declaration by attorney Jami Ferrara. (Doc. No. 134). Although the Government solicited declarations from both Jami Ferrara and Estevan Lucero, Mr. Lucero failed to respond or provide a declaration. (*Id.* at 2). On September 6, 2023, Defendant replied to the Government's opposition. (Doc. No. 135).

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct their sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). However, a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Defendant has the burden of establishing that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

Generally, a defendant who does not bring a claim on direct appeal cannot raise the claim on collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006). However, if a defendant does not bring an ineffective assistance of counsel claim on direct appeal, they may still bring that claim later under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 509 (2003). Defendant did not bring an ineffective assistance of counsel claim on direct appeal and is making that claim now under 28 U.S.C. § 2255. (Doc No. 119 at 5). Therefore, the Court deems the motion appropriate for consideration.

Under the Sixth Amendment, criminal defendants are entitled to "effective assistance of counsel," in which representation is objectively reasonable in light of

"prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984). To sustain a claim for ineffective assistance, Defendant has the burden of satisfying *Strickland*'s two-prong standard. *Id.* First, Defendant must show that his attorney's performance was deficient. *Id.* at 687. This requires a showing that his attorney made errors so serious that they were not functioning as the "counsel" guaranteed to Defendant by the Sixth Amendment. *Id.* Accordingly, Defendant must identify the acts or omissions of his attorney that were the result of unreasonable professional judgment or were otherwise outside the range of professional competent assistance. *Id.* at 690. Second, Defendant must show that his attorney's deficient performance prejudiced the defense. *Id.* at 687. This requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Court need not address both prongs of *Strickland*'s two-prong standard if Defendant makes an insufficient showing as to one prong. *Id.* at 697.

Defendant's motion alleges ineffective assistance of counsel on the grounds that his attorney "misadvised and misinformed" him about his sentencing exposure. (Doc. No. 119 at 4). Specifically, Defendant alleges his former counsel, Estevan Lucero, "asserted that [Defendant] was looking at ten years imprisonment regardless if he plead guilty or chose to go to trial." (*Id.*) Defendant's motion does not state the relief he is seeking.

In opposition, the Government contends Defendant fails to provide any support to his conclusory allegations regarding Estevan Lucero's misadvisal concerning Defendant's sentencing exposure. (Doc. No. 134 at 2). The Government contends Jami Ferrara's declaration contradicts Defendant's claim. (*Id.*) The Government maintains Defendant was properly advised of the potential sentencing exposure when the Government advised Jami Ferrara that it was planning to seek a sentence in excess of 10 years. (*Id.*) The Government further maintains Jami Ferrara communicated the sentencing exposure to Defendant, and Defendant was present in court when the Government explained Defendant faced a Guidelines Range in excess of 15 years in custody. (*Id.*)

In reply, Defendant maintains he "never once indicated to counsel Ferrara that he wanted to proceed to go to trial" and "counsel Lucero provided Defendant with legally unreasonable advice about whether to accept the plea offer when counsel Lucero advised Defendant that he was facing a maximum sentence of 10 years in prison." (Doc. No. 135 at 1). Defendant further maintains he "would not have [gone] to trial knowing he would receive a sentence of 15 years or more if the advice of counsel Lucero were true that [he] was facing a maximum of 10 years in prison." (*Id.* at 2) Defendant argues his attorney's performance was deficient by failing to advise him of his sentencing exposure of 15 years or more should he go to trial and lose.

In determining whether an attorney's performance is deficient, courts look at whether the defendant demonstrates "gross error" on the part of counsel that led to the defendant's rejection of a plea offer. *See Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 772 (1970)); *see also Davidson v. Kernon*, No. 3:17-CV-00421-H-MDD, 2018 WL 3913395 (S.D. Cal. Aug. 15, 2018) (rejecting defendant's ineffective assistance of counsel claim where defendant, sentenced to life imprisonment, argues counsel failed to advise him to accept a six-year plea offer); *Anderson v. Paramo*, No. 17-CV-1541-FJB (NLS), 2018 WL 5617718 (S.D. Cal. Oct. 30, 2018) ("A 'defense attorney's simple misjudgment as to the strength of the prosecution's case, the chances of acquittal, or the sentence a defendant is likely to receive upon conviction, among other matters involving the exercise of counsel's judgment, will not, without more, give rise to a claim of ineffective assistance of counsel.'") (quoting *In re Alvernaz,* 2 Cal. 4th 924, 936 (1992)).

In *Turner*, defendant's counsel conveyed to defendant a plea deal of 15 years to life for second-degree murder but "did not encourage him to accept it because [h]e felt like [the defendant] had a story to tell." 281 F.3d at 880 (internal quotation marks omitted). Defendant went to trial, and the jury returned a guilty verdict. *Id.* Defendant was thereafter sentenced to death. *Id.* at 861. The *Turner* court held that defendant indicated no "gross error" on counsel's part and concluded that counsel was not deficient in informing

defendant about the plea offer. *Id.* at 881. The court held that defendant's self-serving statements that his counsel misinformed him of his sentencing exposure at trial was "insufficient to establish that [the defendant] was unaware of the potential" of a higher sentencing exposure. *Id.* at 881. The court further held, "counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision." *Id.* The Court found defendant was adequately informed that his case could result in a death sentence because "he sat through the reading of his criminal information and the death-qualifying jury voir dire" and "he was informed of the terms of the plea offer . . . [but] decided to turn it down." *Id.*

Similar to *Turner*, Defendant maintains Estevan Lucero misadvised him about his sentencing exposure, indicating that Defendant would be looking at a maximum of ten years in custody if he went to trial. Like *Turner*, Defendant chose to forego the plea offer due to counsel's advice and go to trial, where Defendant was sentenced to a more severe penalty than counsel indicated. Without more, Defendant indicates no "gross error" on Estevan Lucero's part because Defendant "provides no legal basis for his claimed right . . . to receive an accurate prediction of the outcome of his case." *Id.* Additionally, the only evidence indicating Estevan Lucero misadvised Defendant is Defendant's self-serving statements, which are "insufficient to establish that [Defendant] was unaware of the potential" of a higher sentencing exposure of 15 years. *Id.* Like *Turner*, Defendant was adequately informed that his case could result in 15 years or more in custody because Defendant sat through his bond hearing where the Government explained in open court that Defendant faced a Guidelines Range of a minimum of 15 years in custody. (Doc. No. 26, Bond Hearing Transcript at 4 ("The Defendant is charged not with the marijuana distribution, just with the gun charges in this case, your Honor, and with that the guidelines

are 180 to 135[1] months, which created tremendous incentive to flee.")). Additionally, Jami Ferrara communicated to Defendant the potential sentence of 15 years or more after the Government advised Jami Ferrara of Defendant's plea offer. (Doc. No. 134, Addendum at 1-2 ("The offer email stated that the Government would likely seek a sentence of 121-151 months on the gun sales counts with the felon in possession sentence to run consecutively, which [Jami Ferrara] took to mean that [Defendant] would be looking at approximately 15 years in custody if he lost in trial . . . [Jami Ferrara] met with [Defendant] . . . and believe[d] that [she] discussed the offer with him at that time….")). Without more, Defendant's self-serving statement is insufficient to satisfy the first prong of *Strickland*. Thus, Defendant has failed to satisfy his burden establishing his counsel's performance was deficient. *See Strickland*, 466 U.S. at 686-88.

In sum, Defendant's allegations fall short of *Strickland*'s two-prong standard because his motion fails to provide sufficient evidence to indicate his attorney's conduct was deficient or otherwise prejudiced his case. Nor has Defendant shown that his sentence was imposed in violation of the law or that the court lacked jurisdiction to impose the sentence. As a result, Defendant is unable to satisfy the Supreme Court's standard in *Strickland* for ineffective assistance of counsel.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in § 2255 cases such as this. 28 U.S.C. § 2254, Rule 11(a). A habeas petitioner may not appeal the denial of a § 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c)(1)(B); *see also*

---

[1] In its opposition to Defendant's motion, the Government points out that there is a mistake in the bond hearing transcript and 135 meant to state 235. (Doc. No. 134 at 10). Regardless of the transcript's typographical error, the Government clearly mentioned in Defendant's presence that Defendant was facing a potential 180 months, or 15 years, in custody.

*United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further.  *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Based on this Court's review of the record, the issues presented are not debatable among jurists of reason and no issues could be resolved in a different manner.  This Court further finds that no questions are adequate for further proceedings.  Therefore, Defendant is not entitled to a certificate of appealability.

## CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

2. Defendant is denied a certificate of appealability.

**IT IS SO ORDERED.**

DATED: January 18, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE